UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL TORRES,<br><br>            Plaintiff,<br><br>    v.<br><br>G. KAMEN, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01503-ADA-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Miguel Torres is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

**I.    INTRODUCTION**

On January 26, 2023, the Court issued its First Screening Order. (Doc. 15.) The Court found Plaintiff had stated cognizable deliberate indifference to serious medical needs claims against Defendants Kamen, Castro, and Spaeth, but that Plaintiff had failed to state any other cognizable claim for relief. (*Id*. at 10-13.) As a result, Plaintiff was directed to do one of the following: (1) notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claims for deliberate indifference to serious medical

---

[1] Plaintiff was paroled May 31, 2022, and is presently residing in Ceres, California.

needs against Defendants Kamen, Castro, and Spaeth; (2) file a first amended complaint curing the deficiencies in his pleading; or (3) file a notice of voluntary dismissal. (*Id.* at 13-14.) Despite being given 21 days from the date of service of the order within which to respond to the Court's screening order (*id.* at 14), Plaintiff has failed to do so.

**II.    DISCUSSION**

**A.  Legal Standard**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.  Analysis**

Here, Plaintiff has failed to file written notice indicating he does not wish to file an amended complaint and wishes to proceed only on the cognizable deliberate indifference to serious medical needs claims against Defendants Kamen, Castro, and Spaeth. Nor has Plaintiff filed either a first amended complaint or a notice of voluntary dismissal. Therefore, Plaintiff has failed to respond to the Court's screening order in any way as directed. The Court cannot

effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's First Screening Order issued January 26, 2023. (Doc. 15.) The Court determined Plaintiff had plausibly alleged deliberate indifference to serious medical needs claims against Defendants Kamen, Castro, and Spaeth, but had failed to state any other cognizable claim. (*Id*. at 10-13.) Plaintiff was given three options and directed to choose one of the following: (1) to notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claims for deliberate indifference to serious medical need against Defendants Kamen, Castro, and Spaeth; (2) to file a first amended complaint curing the deficiencies in his pleading; or (3) to file a notice of voluntary dismissal. (*Id*. 13-14.) Plaintiff has failed to respond in any way; he has not filed written notice, nor has he filed an amended complaint or a notice of voluntary dismissal. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file either written notice with the Court, or an amended complaint, or a notice of voluntary dismissal, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

//

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's January 26, 2023 First Screening Order expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**" (Doc. 15 at 14-15; *see also* Doc. 3 at 1 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case].) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 27, 2023**

UNITED STATES MAGISTRATE JUDGE